UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THOMAS CRAIG DAWSON,

        Petitioner,        6:15-cv-568-MC

        v.        ORDER

JEFF PREMO,

        Respondent.

McShane, District Judge.

    Petitioner filed a Petition under 28 U.S.C. § 2254, challenging his 1996 conviction for Felon in Possession of a Firearm.

    Respondent now moves to deny relief on the ground that petitioner did not file his petition within the time allowed by 28 U.S.C. § 2244.

    Under 28 U.S.C. § 2254, a one year statute of limitations applies to petition's for habeas corpus relief. The statute begins to run on the date on which the judgment of conviction became final by the conclusion of direct review or the

1 - ORDER

expiration of the time for seeking direct review. 28 U.S>C § 2244(d(1)(A). Time elapsed after finality and before collateral filing, and time after final collateral disposition and before federal filing counts against the year. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

The judgment challenged by petitioner in this proceeding was entered on August 23, 1996. Resp. Exhibit 101. Petitioner had 30 days to seek direct review, ORS 19.255(1), but he did not take a direct appeal. Therefore, the statute of limitations began to run on September 23, 1996.

Petitioner filed a petition for post-conviction relief on September 7, 2010. Resp. Exhibit 102. The post-conviction court dismissed the petition as time-barred. The Oregon Court of Appeals affirmed and the Oregon Supreme Court denied review. The appellate judgment issued on April 29, 2015. Because petitioner's petition for post-conviction relief was not timely, it did not toll the federal limitations period under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

Thus, petitioner had one year form August 23, 1996, excluding any time during which a properly filed petition for post-conviction relief was pending, to file a federal habeas corpus petition. Between August 23, 1996, the latest date on

which petitioner could have directly appealed his conviction, and April 6, 2015, the date on which petitioner filed his petition in this proceeding, 6,767 days elapsed, which exceeds the 365 days provided by the statute.

Petitioner's Petition (#1) is denied on the grounds that it is time barred by the 1 year statute of limitations.

The Clerk of the Court is directed to enter a judgment dismissing this proceeding with prejudice.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied. *See,* 28 U.S.C. 2253(c)(2).

DATED this 9 day of February, 2016.

_____
Michael McShane
United States District Judge

3 - ORDER